```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| SUCCESSION OF SALVADOR J. CEPRIANO, III | CIVIL ACTION |
| AND | |
| SUCCESSION OF JENNY CHANDA TAING | |
| VERSUS | NO. 16-14139<br>c/W No. 16-14220<br>(ALL CASES) |
| STATE FARM LIFE INSURANCE COMPANY | SECTION "B"(4) |

## ORDER AND REASONS

Before the court is Salvador J. Cepriano, III's "Motion to Remand" (Rec. Doc. 9) and State Farm Life Insurance Company's opposition thereto. (Rec. Doc. 14). **IT IS ORDERED** that the motion is **GRANTED**.

Jenny Taing and her four-year old son, Salvador J. Cepriano, III were involved in a fatal motor vehicle accident. (Rec. Doc. 9). Taing died instantly and Cepriano III died a short time after the accident. (Rec. Doc. 9). Both died intestate, but State Farm Life Insurance Company ("State Farm") insured Cepriano III's life for $50,000. (Rec. Doc. 9). Taing was the owner and beneficiary of the policy. (Rec. Doc. 9). The policy provided that should all owners or beneficiaries of the policy die, proceeds would be paid to the estate of the last owner or beneficiary to die. (Rec. Doc. 9). After the accident, Taing's parents, Phan and Tal Plork, filed

a claim with State Farm and received payments of $25,142.32 each. (Rec. Doc. 9). Cepriano III's father, Salvador J. Cepriano II, attempted to contest the payments with State Farm and eventually opened the successions of Taing and Cepriano III in state court. (Rec. Doc. 9). The state court determined that Cepriano II was entitled to the insurance proceeds because Cepriano III had survived Taing in the accident and Cepriano II was the sole heir of Cepriano III. (Rec. Doc. 9). A judgement put Cepriano II in possession of the proceeds of the State Farm policy. (Rec. Doc. 9). The insurance proceeds were expressly part of the "Judgement in Possession" and any distinction between *in personam* and *in rem* jurisdiction over the claim for insurance proceeds is illusory. Proceeds from a life insurance policy are considered movable property under the Louisiana Civil Code and thus should be considered the *res*.

There was no appeal and the judgement became final. (Rec. Doc. 9). These actions were consolidated and State Farm was named as a party to the succession in a "Motion for Insurance Proceeds, Damages, Court Costs, Attorneys Fees, and Bad Faith Damages." (Rec. Doc. 1-1). State Farm removed the action from the 25th Judicial District for the Parish of Plaquemines to this court on the basis of diversity jurisdiction. (Rec. Doc. 9).

State Farm contends that it is not in possession of the *res*. (Rec. Doc. 14). Additionally, State Farm characterizes Cepriano

2

II's claims as *in personam* and thus outside the probate exception because they include claims for bad faith damages, interest, and attorneys' fees. (Rec. Doc. 14).

A district court must remand a case to state court if "at any time before final judgement it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. 1447(c); *Preston v. Tenet Healthsys. Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 813 n.3 (5th Cir. 2007). The burden of establishing that federal jurisdiction exists in a case "rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The removal statute is to be strictly construed. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). Any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). In order to determine whether jurisdiction is present, a court must "consider the claims in the state court petition as they existed at the time of removal." *Maguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

A federal court "has no jurisdiction to probate a will or administer an estate." *Markham v. Allen*, 326 U.S. 490, 494 (1946). Further, federal courts are precluded "from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 311 (2006). The Fifth Circuit

has fashioned a two-step inquiry to determine whether the probate exception applies: (1) whether the property in dispute is estate property within the custody of the probate court and (2) whether the plaintiff's claims would require the federal court to assume *in rem* jurisdiction over that property. *Curtis v. Brunsting*, 704 F.3d 406, 409 (5th Cir. 2013). If the answer to both inquiries is "yes," then the probate exception precludes the federal district court from exercising jurisdiction. *Id.* In *Marshall v. Marshall*, the Court reasoned that when claims do not seek the probate or annulment of a will or seek to reach a *res* in custody of a state court, those claims are outside the confines of the probate exception. 547 U.S. 293 at 297. Similarly, the Fifth Circuit has stated that courts are to consider whether the claim "implicates the validity of the probate proceedings or whether the plaintiff is merely seeking adjudication of a claim between parties." *Breaux v. Dilsaver*, 254 F.3d 533, 536 (5th Cir. 2001).

    Here, the state court issued a "Judgement of Possession" giving Cepriano II "proceeds of the State Farm Life Insurance Policy." (Rec. Doc. 9-4). Cepriano has pled against State Farm a claim for those same proceeds in addition to claims for damages and attorneys' fees. (Rec. Doc. 1-1). State Farm has made no showing that payments to the Plorks discharged this duty or transformed the issue of insurance proceeds from *in rem* to *in personam*. Providing relief to Plaintiff's claims would require

4

this court to exercise *in rem* jurisdiction over property in the custody of the state court. Furthermore, the state probate court is in a better position than this court to interpret and enforce compliance with its judgement. Thus, the probate exception is applicable and this court does not have subject matter jurisdiction.

New Orleans, Louisiana, this 5th day of December, 2016.

_____
SENIOR UNITED STATES DISTRICT JUDGE